IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **OCWEN LOAN SERVICING, LCC** | * |
| Appellant | * |
| v. | * Civil No. **PJM 14-877** |
| **ARIANE LEA TIANI KAMENI** | * |
| Appellee | * |

## MEMORANDUM OPINION

Ocwen Loan Servicing LLC ("Ocwen") has appealed from an Order from the Bankruptcy Court, entered on February 21, 2014, granting Appellee Ariane Lea Tiani Kameni an Emergency Motion to Extend Automatic Stay with respect to a pending mortgage foreclosure proceeding. Ocwen alleges that this Emergency Motion to Extend Automatic Stay was improperly granted because the Bankruptcy Court lacks the authority to issue such retroactive stays and the retroactive stay invalidated a prior foreclosure sale. For the reasons that follow, the Court **DENIES** this appeal and **AFFIRMS** the Bankruptcy Court's Order, but not for the reasons argued.

I.

On February 3, 2014, Kameni filed a Petition for Chapter 13 Bankruptcy. On the same day, she filed an Emergency Motion to Extend Automatic Stay pursuant to 11 U.S.C. § 362(c)(4)(A). At the time of the Petition and the Motion, there was a pending foreclosure sale of Kameni's home set for February 5, 2014. Atypically of practice when an Emergency Motion to Extend Automatic Stay is filed, an immediate hearing date on the Motion was not set. The Motion was not scheduled for hearing until February 20. Meanwhile, on February 5, the foreclosure sale went forward, as it was not then halted by the stay. A third party purchaser

bought the property before the Bankruptcy Court acted on the Emergency Motion to Extend Automatic Stay.

On February 20, the Bankruptcy Court held a hearing on the Motion and issued a stay effective *nunc pro tunc*, i.e. effective when the Petition was filed, February 3. The Bankruptcy Court reasoned that Kameni had filed the petition in good faith and it was not her fault that the hearing was not scheduled until after the foreclosure sale took place.

Ocwen argues that the Bankruptcy Court did not have the authority to issue a retroactive stay, so that it could not invalidate the foreclosure sale. Ocwen argues that 11 U.S.C. § 362(c)(4)(C) prohibits retroactive stays because it states that "a stay shall be effective on the date of the entry of the order allowing the stay to go into effect." Kameni responds that the Bankruptcy Court properly used its equitable powers to issue a stay effective the date that the Motion was filed, and that such a measure would never have been required had Ocwen properly filed a comfort order[1] before commencing the foreclosure sale.

## II.

### A.

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which gives "[t]he district courts of the United States . . . jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1).

Legal questions decided by the bankruptcy court are subject to *de novo* review. *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992); *In re Travelstead*, 250 B.R. 862, 867 (D. Md. 2000) (Blake, J.).

---

[1] A comfort order is an order issued by the court, upon the request of a party in interest, confirming whether an automatic stay has or has not been terminated. 11 U.S.C. § 362(j).

**B.**

A bankruptcy court, after notice and a hearing, may impose an automatic stay in the case of an individual who has had two or more prior bankruptcies dismissed within the preceding 12 months, provided that the court finds that the petition was filed in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(4)(B). A stay affects the "commencement or continuation" of an action or proceeding against the debtor that "was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1).

**III.**

Ocwen's concern with the Order imposing the stay is that issuing the Order *nunc pro tunc* would "invalidate an otherwise valid sale." As for the validity of the foreclosure sale, however, whether the order was issued *nunc pro tunc* is academic. Even assuming the *"nunc pro tunc"* nature of the order was invalid (which the Court does not need to decide here), the stay was unquestionably effective as of the date it was entered. Thus, any further actions related to the foreclosure proceeding would be stayed as of that date forward. That is because the foreclosure sale itself merely initiates the foreclosure proceeding.

After a foreclosure sale occurs, several procedural steps must be completed before the sale is made final. These include a report of sale, an affidavit of purchaser, a notice of sale, a ratification by the court, and a recording. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 14-305-306 (West 2014). Here the foreclosure sale was commenced on February 3; there is no indication that the sale was finalized by the time of the hearing on February 20.[2] Ocwen takes no issue with the Bankruptcy Court's ability to issue the stay as of February 20. Once the stay was entered, the proceedings were halted. In other words, the stay did not need to be issued *nunc pro tunc* to halt

---

[2] Ocwen has not indicated what proceedings, if any, occurred after the February 3 sale. The Court has checked the state docket and found no indication of a finalized foreclosure.

3

the foreclosure sale; it did so as of February 20. Wholly apart from the equitable consideration that Kameni should not be prejudiced because of a misstep by the Bankruptcy Clerk's office, nothing irrevocable occurred prior to that date to create a final sale.[3]

**IV.**

For the foregoing reasons, the appeal is **DENIED** and the Bankruptcy Court's Order is **AFFIRMED**.

A separate Order will issue.

July 16, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] This Court would, in fact, enjoin any sale of an individual's house based on a clerical error. The Court feels as well that no Montgomery County Circuit Court Judge (this Court having been one) would approve a sale on this basis.